UNITED STATES v. LEE SEICK.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 526.

1. PROCEEDINGS FOR DEPORTATION OF CHINESE—APPEAL—WAIVER OF IRREGULARITIES.

Where a Chinese person, arrested under section 13 of the exclusion act of September 13, 1888, was ordered deported by a commissioner, and appealed to the district court, where the case was tried de novo, and he was discharged, the government cannot for the first time on a writ of error in the circuit court of appeals raise the objection that the record filed on appeal was insufficient to give the district court jurisdiction.

2. SAME—EVIDENCE OF NATIVITY—MEASURE OF PROOF REQUIRED.

The requirement that the mercantile character of a Chinese person prior to his departure for China must be established by two witnesses on his application for re-entry is special, and does not apply to other issues, such as the American nativity of the Chinaman, which are to be determined by the ordinary rules of evidence.[1]

In Error to the District Court of the United States for the District of Oregon.

John H. Hall, Dist. Atty., for the United States.
Carey & Mays, for defendant in error.

Before McKENNA, Circuit Justice, and ROSS and MORROW, Circuit Judges.

PER CURIAM. The defendant in error is a Chinese person. He arrived at Portland, Or., about April 25, 1898, and was permitted to land by the collector of customs, as a native of the United States. On June 1, 1898, he was arrested under the provisions of section 13 of the act entitled "An act to prohibit the coming of Chinese laborers to the United States," approved September 13, 1888, and, after a hearing before a commissioner, was ordered to be deported. On the 7th of June, 1898, the attorney for the defendant in error filed a notice of appeal with the clerk of the district court, in the following form:

"To John H. Hall, U. S. District Attorney: You will please take notice that Lee Seick, defendant in the above-entitled cause, hereby appeals to the district court of the United States for the district of Oregon from the order of conviction and sentence of deportation made, entered, and given by Edward N. Deady, U. S. commissioner for the district of Oregon, on the 7th day of June, 1898, finding that he was unlawfully in the United States, and adjudging that he be held for deportation without bail, and that he be deported;

[1] As to citizenship of Chinese persons, see notes to Gee Fook Sing v. U. S., 1 C. C. A. 212, and Lee Sing Far v. U. S., 35 C. C. A. 332.

the defendant being a Chinaman, and claiming that he was lawfully in the United States.                                    Paul R. Deady,

"Attorney for Defendant, Lee Seick.

"Due service of the above notice of appeal is hereby accepted this 7th day of June, 1898.                                    John H. Hall,

"U. S. District Attorney.

"Filed June 7th, 1898.                                    E. D. McKee, Clerk."

The case came on for hearing. No objection was made to the record, and no point made of its deficiency to give the court jurisdiction; but testimony was taken on behalf of plaintiff in error and defendant in error, and the order of the commissioner affirmed. A rehearing was subsequently granted, and further evidence taken. There was no objection made to the record. On the rehearing the defendant in error was ordered discharged, and to this order the writ of error is directed.

The assignments of error which are urged upon our consideration are (1) that the district court had no jurisdiction to hear or detemine the case, for the reason "that no certified copy of the judgment rendered by said commissioner against the said Lee Seick was ever filed with the clerk of the United States district court, or executed by the marshal of the district, or by any officer having authority of a marshal, or at all"; (2) that the evidence was insufficient to establish that defendant in error was born in the United States.

The part of section 13 of the act of 1888 which is necessary to quote is as follows:

"That any Chinese person, or persons of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country from whence he came. But any such Chinese person convicted before a commissioner of a United States court, may, within ten days from such conviction, appeal to the judge of the district court for the district."

How the appeal shall be taken from the commissioner to the district judge, the statute does not say. Whether the appeal shall be heard on the papers filed, or on the evidence taken before the commissioner, the statute does not say. In the present case there was a trial de novo. New testimony was taken on both hearings, and without objection on the part of plaintiff in error, and we do not think that the objection can be made for the first time in this court that there was a deficiency in the record before the district judge. If the objection had been timely urged, no doubt, any deficiency in the record could have been supplied.

The objection that the evidence was insufficient to establish the conclusions of the court is presented in two aspects,—one dependent upon its credibility; the other, on its competency. Assuming that we can regard the first on writ of error, the power of the district court to judge of it was greater than ours, and we must accept its judgment. As to the other, it is urged that the evidence was incompetent to prove the fact of the birth of defendant in error in

this country, because it was given by Chinese witnesses, and the requirement of the statute that the mercantile character of a Chinaman prior to his departure to China must be established by two witnesses is sought to be extended to all other facts. The answer is obvious. That is a special requirement. Other facts are left to the usual measure of proof. Judgment is affirmed.